468 So.2d 1116 (1985)
David PARK and Susan Park, His Wife, Appellants,
v.
BAYVIEW VILLAGE CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-Profit Corporation, Appellee.
No. 84-1797.
District Court of Appeal of Florida, Fourth District.
May 22, 1985.
*1117 Robert L. Bogen of Braverman & Holmes, Fort Lauderdale, for appellants.
Joseph P. Mullen, Fort Lauderdale, for appellee.
UPON MOTION TO REHEAR ORDER DECLARING MOTION TO RELINQUISH JURISDICTION TO BE MOOT
WALDEN, Judge.
We vacate our order dated November 21, 1984.
Again addressing appellants' Motion to Relinquish Jurisdiction, this is the basic setting. The trial court entered a Partial Summary Judgment in a civil action against the Parks who were defendants in the trial court. Mr. and Mrs. Park filed a timely Motion for Rehearing and/or Clarification. While this motion was pending, that is to say, before the trial court could make a ruling, the Parks filed their notice of appeal here addressed to the Partial Summary Judgment. Now the Parks ask this court to relinquish jurisdiction so that they may apply to the trial court for a ruling upon their pending Motion for Rehearing.
Formerly, the employment of the foregoing procedure would result in the appeal being dismissed as premature. Welch v. State, 267 So.2d 342 (Fla. 4th DCA 1972), and Seiferth v. Seiferth, 121 So.2d 689 (Fla. 3d DCA 1960). Alternatively, in the past, the trial court's post-judgment motion would be deemed as being waived or abandoned. Allen v. Town of Largo, 39 So.2d 549 (Fla. 1949), and Frank v. Pioneer Metals, Inc., 114 So.2d 329 (Fla. 3d DCA 1959).
However, the situation has changed since the advent of Williams v. State, 324 So.2d 74 (Fla. 1975), wherein the Florida Supreme Court provided:
[W]e also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
... .
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
Id. at 79-80.
This court followed the Williams rule in Sloman v. Florida Power and Light Co., 382 So.2d 834 (Fla. 4th DCA 1980), which stated:
The wisdom of that rule is obvious. Dismissal of this appeal, particularly at this juncture when the case is perfected and ready for oral argument, would seem to be a nonproductive waste of counsel's time and the parties' money. Upon dismissal appellant would simply proceed to have the circuit court enter a final judgment, and then appellant would perfect a new appeal. Instead, we chose to make use of the rule laid down in Williams, supra, and hold that the notice of appeal prematurely filed in this cause remained in limbo until the final judgment was rendered, whereupon the notice of appeal matured and jurisdiction vested in this court.
Id. at 835.
Thus, here, the notice of appeal was filed prior to rendition with the result being that the notice hangs somewhere in limbo until such time as the trial court shall effectuate rendition by ruling upon the Parks' Motion for Rehearing. At that time, in line with Williams, notice of appeal shall mature and vest jurisdiction in this court.
*1118 So we say, the trial court continues to have jurisdiction to rule upon the Parks' Motion for Rehearing while jurisdiction will not vest here until there is rendition as defined in Florida Rule of Appellate Procedure 9.020(g). We hold, therefore, that there is no basis or reason for this court to grant the Parks' Motion to Relinquish Jurisdiction.
The Motion to Relinquish Jurisdiction is
Denied.
DOWNEY and GLICKSTEIN, JJ., concur.