489 So.2d 859 (1986)
David Brett LEOPARD, Appellant,
v.
STATE of Florida, Appellee.
Nos. BG-9, BG-10.
District Court of Appeal of Florida, First District.
June 6, 1986.
Michael E. Allen, Public Defender, Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
*860 BARFIELD, Judge.
The record indicates that the trial court did not rule upon the motion for rehearing filed March 22, 1985 prior to the filing of the notice of appeal. If that is so, this court would not have jurisdiction to entertain this appeal and the notice of appeal would hang "somewhere in limbo" until such time as the trial court effectuates rendition by ruling on the motion for rehearing. See Park v. Bayview Village Condominium Association, 468 So.2d 1116, 1117 (Fla. 4th DCA 1985), in which the court relied upon Williams v. State, 324 So.2d 74 (Fla. 1975). Appellant is directed to inform this court within thirty (30) days whether the trial court has ruled on the motion for rehearing, and to supplement the record with any such ruling. When this court receives notice that the trial court has ruled upon the motion, the notice of appeal shall mature and vest jurisdiction in this court.
We certify to the Florida Supreme Court, as a matter of great public importance, the following questions:
1. Are the appellate courts of this state bound by what appears to be dictum in Williams v. State, 324 So.2d 74, 79-80 (Fla. 1975), to the effect that notices of appeal filed after written judgment is filed for recording, but before a post-trial motion is decided, are premature, but may not be dismissed on that ground?
2. If so, does the Williams rule apply even in the case where the post-trial motion was filed by the appellant, or may the appellate court treat such motions as having been abandoned by the action of filing the notice of appeal, Allen v. Town of Largo, 39 So.2d 549 (Fla. 1949)?
3. If the Williams rule would apply in such situations, are the appellate courts required to search the record in each case for evidence that such a post-trial motion has been filed and has not been ruled upon?
4. If the appellate court is required to search the record for undecided post-trial motions, do the parties have an obligation to bring such motions to the attention of the appellate court and/or to ensure that such motions are included in the record on appeal?
5. If the Williams rule places a notice of appeal in a state of "limbo" until the trial court rules upon the post-trial motion(s), may the appellate court limit the duration of this "limbo" by appropriate order, or is the "limbo" of possibly infinite duration?
6. If the appellate courts may not curtail the "limbo" in which the notices of appeal are placed in such circumstances, what procedure should be used to handle those case files until such time as the notices of appeal mature?
SHIVERS and ZEHMER, JJ., concur.