PER CURIAM.
Petitioner Herbert Lee Hathcock, Jr. filed a petition for writ of habeas corpus, seeking the right to file a belated appeal from a trial court order denying his motion for post conviction relief.
Initially this court remanded the case to the trial court for appointment of a commissioner to make evidentiary findings on the issues raised by petitioner, as to whether his failure to timely file a notice of appeal was attributable to acts of state officials or agents.[1] The trial court reviewed the court file and discovered that petitioner had timely filed a motion for rehearing, which had been mislaid, but which effectively tolled the time requirements for filing a notice of appeal. The trial court thereupon issued an order which we interpret as a denial of the petitioner’s motion for rehearing, returning the cause to this court for consideration of the appeal as timely filed.
Since petitioner’s motion for rehearing was timely filed, his notice of appeal, filed while the motion remained pending, was premature. When the trial court finally ruled on the motion, the appeal matured and jurisdiction vested in this court. Williams v. State, 324 So.2d 74 (Fla.1975); Park v. Bayview Village Condominium Association, 468 So.2d 1116 (Fla. 4th DCA 1985). See also Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986).
Therefore, we deny petitioner’s writ of habeas corpus to file a belated appeal. We vacate our order dated September 4, 1985, wherein we dismissed petitioner’s appeal in Hathcock v. State, Case Number 85-1970 and we reinstate that appeal. The date of this opinion shall be used as the commencement date of the appeal in Case Number 85-1970.
ANSTEAD, GLICKSTEIN and DELL, JJ., concur.

. Petitioner’s pro se appeal to this court from the order denying post conviction relief was dismissed as untimely in Hathcock v. State, Case No. 85-1970.