BARKDULL, Judge.
This is an appeal by the Bank of Florida from an entry of final summary judgment in favor of Keenan, and Van Duyne.
The bank loaned Keenan and Van Duyne $119,041.00, the repayment of which was secured by a mortgage on property located in Dade County at The Hammocks. The property was titled only in Van Duyne’s name. Van Duyne conveyed the property to Borges by warranty deed, and the deed stated that Borges “assumed and agreed to pay” the mortgage loan to the bank. Keenan and Van Duyne were never released from the obligation. In 1981, Borges defaulted in payment on the loan, and a foreclosure action was brought against Borges and Van Duyne.[1] The complaint asked that a deficiency be entered against Borges if the judicial sale of the property was inadequate to satisfy the judgment. No deficiency was requested against Van Duyne, and Keenan was not sued. The trial court entered judgment and found the final amount due to be $161,059.95, reserving jurisdiction to enter a deficiency, if any, against Borges. The bank was the successful bidder at auction, and brought a separate deficiency action against Keenan, Van Duyne, and Borges. Keenan and Van Duyne answered, however Borges defaulted. Keenan and Van Duyne defended and moved for summary judgment, which was granted. The bank appeals.[2]
The trial court erred in entering summary judgment for the appellees. Section 702.06, Florida Statutes (1985), expressly permits the bank to sue to recover a deficiency after foreclosure, so long as the bank neither obtained a deficiency judgment against Keenan and Van Duyne, nor sought and was refused one in the foreclosure action. As long as no deficiency has been entered against the debtors in the foreclosure action, the creditor bank may *52 bring an action against them after the sale, to satisfy the balance due on the note. Younghusband v. Ft. Pierce Bank & Trust Co., 100 Fla. 1088,130 So. 725 (1930). The fact that the original foreclosure complaint sought a deficiency against Borges does not preclude the bank from perfecting the deficiency against Keenan and Van Duyne in the subsequent action at law. Reid v. Miami Studio Properties, Inc., 139 Fla. 246, 190 So. 505 (1939); NCNB National Bank of Florida v. Pyramid Corporation, 497 So.2d 1353 (Fla. 4th DCA 1986); Rubin v. Kapell, 105 So.2d 28 (Fla. 3d DCA 1958); The subsequent action was not barred, and it should have been entertained against Keenan and Van Duyne, regardless of the foreclosure suit complaint seeking deficiency against Borges only. Reid v. Miami Studio Properties, Inc., supra.
We therefore reverse with directions to consolidate the subsequent action with the foreclosure proceedings and to then determine the amount of the deficiency, if any, which may be the responsibility of the appellants and Borges.
Reversed and remanded with directions.

. Van Duyne was joined as a party defendant to foreclose an inferior lien.

. The bank also sought to have the original foreclosure action and the subsequent deficiency action consolidated. This motion to consolidate was denied at the same time the summary judgment was granted.