DOWNEY, Judge.
This case involves a non-final appeal from an order granting a motion for injunc-tive relief and for replevin.
Appellee, Chicago Industrial Tire, Inc. (CIT), filed a six-count complaint against appellants, Southern Industrial Tire, Inc., and Industrial Tire Exchange Inc. (Southern), for damages and other relief arising out of a distributorship agreement, wherein Southern would obtain BB tires from CIT and act as exclusive distributors of BB tires within a specific territory. The agreement granted CIT a purchase money security interest in the BB tires obtained by Southern from CIT. The various counts of the complaint sought replevin of certain tires; foreclosure of a security interest; damages for an unpaid open account and for breach of contract; and for injunctive relief pursuant to chapter 495, Florida Statutes. An emergency motion was filed for immediate injunctive relief and replevin of certain tires in Southern’s possession. After an evidentiary hearing on said motion, the trial court entered the order under review which enjoined Southern from “selling, advertising or distributing” BB tires and commanded the sheriff to replevy all tires in Southern’s possession. The order further provided in paragraph 3 that: “Defendants are ordered to render an accounting to Plaintiff of their sales of Bergoug-nan-Benelux tires by customer, amount of sale and date of sale from July 18, 1988, the effective date of the termination, to the present.”
Southern filed a motion for rehearing requesting the trial court to rescind the provision of the order requiring an accounting because no pleadings had been filed by CIT requesting such relief, no evidence had *791 been adduced justifying such relief, and the parties had not presented argument to the court relative thereto. Furthermore, Southern contended it and CIT were now competitors and to require it to furnish its customer lists to CIT would be particularly prejudicial and without due process. While that petition for rehearing was pending and within thirty days of the order in question, Southern filed this non-final appeal.
Before reaching the merits of the appeal, we pause to treat a procedural point raised. CIT contends that Southern cannot now raise the issues presented in the petition for rehearing because, by filing a notice of appeal from the order, Southern abandoned the issues presented in the petition for rehearing. We have considered CIT’s arguments and the cases cited to support that contention and find them to be inapposite. The filing of a timely notice of appeal directed to a final judgment while a petition for rehearing is pending formerly was held to be an abandonment of the petition for rehearing. State v. Pearson, 156 So.2d 4 (Fla.1963); State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla.1961); Allen v. Town of Largo, 39 So.2d 549 (Fla.1949). That rule has been somewhat modified by Williams v. State, 324 So.2d 74 (Fla.1975), as recognized by this court in Park v. Bayview Village Condominium Association, 468 So.2d 1116 (Fla. 4th DCA 1985), wherein the court provided that the filing of a notice of appeal while a petition for rehearing was pending did not divest the trial court of jurisdiction but, rather, left the notice of appeal in a state of limbo until the petition for rehearing was disposed of, whereupon jurisdiction of the appellate court attached.
In the present case, however, we are dealing with a non-final order appeal-able under Florida Rule of Appellate Procedure 9.130(a)(3)(C). As to such an order a petition for rehearing does not affect its rendition or the tolling of the time for appeal. Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla.1972). Therefore, a notice of appeal filed while a petition for rehearing directed to a non-final order is pending vests jurisdiction in the appellate court and the petition for rehearing is abandoned. We therefore hold that we have jurisdiction to review the order appealed from.
We turn now to the merits of the case. It appears the trial court committed reversible error in ordering Southern to furnish an accounting when the record is devoid of pleadings or evidence to support such relief. As the court held in Miceli v. Gilmac Developers, Inc., 467 So.2d 404, 406 (Fla. 2d DCA 1985):
A trial court may not decree relief that has neither been requested by way of any pleading nor tried by consent, [citations omitted]
See also Antonio v. Antonio, 493 So.2d 53 (Fla. 2d DCA 1986); McCaleb v. Mathis, 459 So.2d 1162 (Fla. 2d DCA 1984).
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
GLICKSTEIN and GUNTHER, JJ., concur.