PER CURIAM.
Brickell Station Towers, Inc., [BST] appeals a trial court order ruling BST in default of its mortgage agreement with appellee JDC (America) Corporation [JDC]. In conjunction with that ruling the court also found that JDC had the right to remove Wenzel Investment Company, as manager of the parties’ joint venture project, and that JDC was entitled to divest BST of its voting rights on the joint venture’s governing board. The trial court conducted the hearing to consider JDC’s third motion to appoint a receiver and BST’s motion to clarify an order directing payment of rents, to direct Amerifirst Trust Company to deliver rents, and to prohibit JDC from interfering with the operation of the property. The court deferred ruling on JDC’s motion and denied BST’s motions. We hold that the trial court decided matters which were not the subject of appropriate pleadings. In granting relief which was neither requested by appropriate pleadings, nor tried by consent, the trial court entered the order in violation of BST’s due process rights. Accordingly, we reverse. See Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957); Southern Indus. Tire, Inc. v. Chicago Indus. Tire, Inc., 541 So.2d 790, 791 (Fla. 4th DCA 1989); Miceli v. Gilmac Developers, Inc., 467 So.2d 404, 406 (Fla. 2d DCA 1985); Fickle v. Adkins, 394 So.2d 461, 462 (Fla. 3d DCA 1981).
Reversed and remanded.