OVERTON, Judge.
This is a petition to review In re Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991), in which the Third District Court of Appeal held that the filing of a notice of appeal in the district court of appeal while a motion for rehearing is pending in the trial court constitutes abandonment of the motion for rehearing because the notice of appeal divests the trial court of jurisdiction. The district court expressly recognized that its holding was in conflict with Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986); Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986); Hathcock v. State, 492 So.2d 756 (Fla. 4th DCA 1986); and Park v. Bayview Village Condominium Association, 468 So.2d 1116 (Fla. 4th DCA 1985). We find conflict[1] and resolve the conflict by approving the principle set forth in the Third District Court’s decision but disapprove its application in this cause.
In the instant case, a final judgment of forfeiture was entered on July 6, 1990. Petitioner, Lazaro Ruben Gonzalez, timely filed a motion for rehearing and, on August 3, 1990, prior to a hearing on the motion for rehearing, he filed a notice of appeal from the final judgment. That notice of appeal contained the following:
Pursuant to Fla.R.Civ.P. 1.530(a), counsel for Appellant timely filed its [sic] Motion for Rehearing on July 16, 1990. Nevertheless, out of an abundance of caution, counsel for Appellant files this Notice of Appeal. Although formerly such a notice of appeal was subject to dismissal if deemed prematurely filed, the Florida Supreme Court’s ruling in Williams v. State, 324 So.2d 74 (Fla.1975), has changed the foregoing procedure. In Williams, the Court ruled that such a notice of appeal shall exist in a “state of limbo until judgment in the respective civil or criminal case is rendered.” This rule shall apply to such situations as when the defendant filed his notice of appeal “after the written judgment is filed for recording, but before a post-trial motion is decided.” Id. at 79-80.
Gonzalez then moved the appellate court to relinquish jurisdiction over the case to allow the trial court to consider the rehearing motion. The district court of appeal denied the request, holding that “the filing of a notice of appeal constitutes an abandonment of a then-pending post-judgment motion which simultaneously confers sole jurisdiction over the cause in the appellate court and deprives the trial court of authority to consider the motion.” 578 So.2d at 727. The district court also explained:
There can be no question that the rule that a party abandons a post-final judgment motion by filing a notice of appeal to review that very judgment is a long and firmly established one. State ex rel. Faircloth v. District Court of Appeal, Third Dist., 187 So.2d 890, 892 (Fla.1966); State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla.1963); State v. Florida State Turnpike Auth., 134 So.2d 12 (Fla.1961); Allen v. Town of Largo, 39 So.2d 549 (Fla.1949); In re One 1979 Chevrolet Blazer Bearing Florida Tag No. WFF-202, VIN No. CKL 189202370, 436 So.2d 1087 (Fla. 3d DCA 1983).
Id. at 727-28.
As expressed in his notice of appeal, Gonzalez relied on Williams v. State, 324 So.2d 74 (Fla.1975). In Williams, we gave three non-inclusive examples of when a defendant may file a notice of appeal after pronouncement of judgment yet prior to rendition thereof and not lose jurisdiction in the appellate court for filing prematurely. The third example given was “[ajfter the written judgment is filed for recording, but before a post-trial motion is decided.” Id. at 80. Gonzalez asserts that this third example established the principle that, when a notice of appeal is filed while post-trial motions are pending in the trial court, an appellate court’s jurisdiction stands in limbo until the trial court rules upon the motions. That interpretation was followed by the First District Court of Appeal in Leopard and Lloyd and by the Fourth Dis *285 trict Court of Appeal in Hathcock and Park.
We disagree with that interpretation and agree with the district court in this case that our Williams decision did not abrogate the abandonment doctrine. Williams arose under an entirely different factual scenario from that presented in this cause. In Williams, the defendant was found guilty of a criminal offense and, on August 24, 1973, the trial judge denied Williams’ motion for a new trial or, in the alternative, for arrest of judgment and sentenced Williams to eighteen months’ imprisonment. The judge advised Williams of his right to appeal and that he had thirty days to exercise that right. A supersedeas bond in the amount of $10,000 was set in the event a notice of appeal was filed. That same day, the trial judge signed the judgment and sentence. The notice of appeal was also filed on the same day. Even though the judgment was signed on August 24, it was not filed for recording and thus rendered until August 28.
The state moved to dismiss the appeal, asserting that the district court did not have jurisdiction since it was filed four days prior to the time the judgment was rendered. The Fourth District Court granted the motion; however, we quashed its decision and held:
[A] defendant may, for the purposes of obtaining supersedeas bond, file his notice of appeal at any time after oral judgment or sentence is pronounced and before it is rendered, i.e., filed for recording. Prior to the judgment, the notice of appeal shall not be effective to vest jurisdiction in the appellate court, but will allow the defendant to obtain supersede-as bond. At the time when the judgment and/or sentence is rendered (filed for recording) the notice of appeal shall be effective to vest jurisdiction in the appellate court.
Williams, 324 So.2d at 79. We then went on to explain:
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
2. After the written judgment is signed, but before it is rendered (filed for recording).
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
This list is not to be considered as delineating the only situations in which this ruling applies.
Id. at 79-80.
It is important to note what we did not decide in Williams. While we held that the district court could not dismiss Williams’ appeal, we did not consider whether the trial court had lost jurisdiction to hear post-trial motions after the notice of appeal was filed. We did not intend in Williams to overrule the principle that a party abandons previously filed post-final judgment motions when he files a notice of appeal to review that very judgment. To leave a notice of appeal in limbo under these circumstances would cause confusion as to what order or judgment the notice of appeal applies to should the trial court modify the order or judgment.
We emphasize that the rule that a party abandons a post-trial judgment motion by filing a notice of appeal is the proper rule, and we hold that the abandonment doctrine still applies in this state.
Because of special circumstances of this case, including Gonzalez’s express reliance on the language in Williams, we direct the district court to relinquish jurisdiction to the trial court to hear petitioner’s post-trial motions.
For the reasons expressed, while we disapprove the result of the district court’s decision in the instant case, we approve its legal reasoning and disapprove Leopard, Lloyd, Hathcock, and Park to the extent they conflict with this decision.
It is so ordered.
*286 SHAW, C.J. and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.