DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WACHOVIA MORTGAGE CORP.,**
Appellant,

v.

**PAUL J. POSTI, JR., THE UNKNOWN SPOUSE OF PAUL J. POSTI, JR., BELLA TERRA COMMUNITY ASSOCIATION, INC.,** ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISES, GRANTEES, OR OTHER CLAIMANTS, TENANT #1, TENANT #2, TENANT #3, and TENANT #4 the names being fictitious to account for parties in possession,
Appellees.

No. 4D14-419

[ June 17, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 502009CA024722AW.

Michael K. Winston, Dean A. Morande and Alana Zorrilla-Gaston of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellant.

Jeffrey Harrington and Adriana C. Clamens of Harrington Law Associates, PLLC, West Palm Beach, for Appellee-Paul J. Posti, Jr.

TAYLOR, J.

Wachovia Mortgage Corporation appeals a final judgment entered in the homeowner's favor after a bench trial in this mortgage foreclosure action. The trial court ruled that the parties had an enforceable agreement to modify the loan, and ordered Wachovia to deliver to the homeowner a permanent loan modification with specific terms regarding the principal balance, monthly payment, and interest rate. We reverse because the trial court lacked jurisdiction to award the homeowner relief that was not requested in the pleadings or tried by consent.

A trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent. *See S. Indus. Tire, Inc. v. Chicago Indus. Tire, Inc.*, 541 So. 2d 790, 791 (Fla. 4th DCA 1989) (citation omitted); *see also Mullne v. Sea-Tech Constr. Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012). Thus, "a judgment which grants relief wholly outside the pleadings is void." *Bank of New York Mellon v. Reyes*, 126 So. 3d 304, 309 (Fla. 3d DCA 2013). Further, granting relief which was neither requested by appropriate pleadings, nor tried by consent, is a violation of due process. *Brickell Station Towers, Inc. v. JDC (Am.) Corp.*, 549 So. 2d 203, 203 (Fla. 3d DCA 1989).

Here, the final judgment was void because it awarded affirmative relief that was not requested in the pleadings or tried by consent. Before trial, the court dismissed the homeowner's counterclaim seeking a HAMP modification of the loan.[1] The homeowner never sought to amend the counterclaim, and instead proceeded to trial on his defenses to the mortgage foreclosure action. The homeowner's affirmative defenses to the foreclosure action did not allege the existence of a permanent loan modification or request that the court order a permanent loan modification. Nonetheless, the trial court ruled that the parties had an enforceable agreement to modify the loan and required the plaintiff to enter into a permanent loan modification with the homeowner. In doing so, the trial court awarded affirmative relief that was not specifically pled in the homeowner's operative answer.

Contrary to the trial court's ruling, the relief awarded is not encompassed within the homeowner's unclean hands defense. The homeowner's unclean hands defense failed to allege the existence of a permanent loan modification, and instead alleged only that the plaintiff had not informed the homeowner of a decision regarding the requested loan modification. The homeowner's pleading of an unclean hands defense to foreclosure was insufficient to permit the trial court to award the affirmative relief of a permanent loan modification. This provision in the final judgment went well beyond merely avoiding the plaintiff's foreclosure claim. Moreover, the homeowner's operative answer did not request an order requiring the plaintiff to enter into a permanent loan modification. Instead, the homeowner's answer requested a dismissal of the foreclosure complaint—relief that is purely defensive in nature.

Finally, although there was no trial transcript, the transcript of the hearing on Wachovia's motion for rehearing shows that the issue was not

---

[1] We need not decide whether the counterclaim was properly dismissed, as the homeowner has not appealed the dismissal.

tried by consent.  *See United Am. Lien & Recovery Corp. v. Primicerio*, 924 So. 2d 848, 851 (Fla. 4th DCA 2006) (finding that the issue of damages was not tried by implied consent, despite the absence of a hearing transcript, where the transcript of a subsequent hearing clearly showed that the issue was not tried by implied consent).  Here, the record is clear that the trial court awarded the affirmative relief not because the issue was tried by consent, but instead because the court believed that the issue was encompassed within the homeowner's unclean hands defense.

Because we are reversing the final judgment and remanding for a new trial,[2] we need not address the remaining issues raised by Wachovia in this appeal.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and MAY, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Because this court does not have a trial transcript, we find that it would be inappropriate to grant Wachovia its preferred relief of remanding the case for entry of a judgment in its favor.