DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURENCE SCHNEIDER,**
Appellant,

v.

**FIRST AMERICAN BANK,** as successor by merger to Bank of Coral Gables, LLC, **UNKNOWN TENANT #1, UNKNOWN TENANT #2** and **THE OAKS AT BOCA RATON PROPERTY OWNER'S ASSOCIATION, INC.,**
Appellees.

No. 4D17-2239

[ July 25, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Susan R. Lubitz, Senior Judge; L.T. Case No. 502016CA009292XXXXMB.

Ryan D. Gesten of The Law Offices of Ryan D. Gesten, P.A., Fort Lauderdale, for appellant.

Henry H. Bolz, III and Sheyla Mesa of Keller & Bolz, LLP, Coral Gables, for Appellee First American Bank.

TAYLOR, J.

Laurence Schneider appeals a final judgment of foreclosure and a separate amended final judgment awarding damages to First American Bank (the "Bank") for breach of a credit agreement. We reverse to the extent that the judgments improperly allowed the Bank to simultaneously execute on the money judgment and foreclose on appellant's property.[1] On all other issues, we affirm.

It is well-settled that "to collect money owed on a note, a mortgagee may pursue its legal and equitable remedies simultaneously, until the debt is satisfied." *Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA*, 89 So. 3d 923, 929 (Fla. 4th DCA 2012). "[T]he reason that an action at law on a note may be pursued simultaneously with the equitable remedy of foreclosure

---

[1] A foreclosure sale on the property has not yet been held, however, as the trial court granted a stay pending appeal.

is that the two remedies are not inconsistent." *Id.* at 932. Accordingly, a trial court may enter a final judgment of foreclosure that allows for immediate execution of the damages award, so long as the trial court withholds the setting of the foreclosure sale of the property until the plaintiff certifies that its money judgment has not been satisfied. *Id.* at 926, 928, 933.

A trial court may not, however, simultaneously allow a foreclosure plaintiff to execute on the money judgment and foreclose on the subject property. *Id.* at 933; *see also Farah v. Iberia Bank*, 47 So. 3d 850, 851 (Fla. 3d DCA 2010) (striking "for which let execution issue" language from final judgment of foreclosure).

Here, we find that the trial court erred in entering two judgments—a money judgment and a foreclosure judgment—that together allowed the Bank to simultaneously execute on the money judgment and foreclose on appellant's property. To remedy this error, we reverse only the foreclosure judgment. On remand, the trial court shall modify the foreclosure judgment so as to withhold the setting of the foreclosure sale of the property until the Bank certifies that its money judgment remains unsatisfied. *See Royal Palm*, 89 So. 3d at 928. This procedure assures that, while the Bank was free to pursue both remedies, it will not obtain a recovery that exceeds the amount of the debt. *Id.* at 933. Moreover, once the Bank "has obtained a foreclosure sale of the property, it cannot collect on the note other than to pursue the appropriate deficiency amount." *Bonita Real Estate Partners, LLC v. SLF IV Lending, L.P.*, 222 So. 3d 647, 652 (Fla. 2d DCA 2017).

*Affirmed in part, Reversed in part, and Remanded.*

WARNER and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***