DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHANIE L. SCHNEIDER,**
Appellant,

v.

**FIRST AMERICAN BANK,** as successor by merger to
Bank of Coral Gables, LLC, and **LAURENCE S. SCHNEIDER,**
Appellees.

No. 4D21-571

[March 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502016CA009292.

Martin G. McCarthy and Emre Yersel of McCarthy & Yersel, PLLC, Miami, for appellant.

John W. Keller, III and Sheyla Mesa of Sioli Alexander Pino, Miami, for appellee First American Bank, as successor by merger to Bank of Coral Gables, LLC.

GROSS, J.

Stephanie Schneider appeals a deficiency judgment arising out of a mortgage foreclosure case. We reverse because the bank's complaint, motion for summary judgment, and concession in open court expressly sought a deficiency judgment against Schneider's husband only.

In 2006, Schneider's husband entered into a credit agreement with appellee First American Bank for a 10-year home equity line of credit with a credit limit of $1,500,000. The note defined "Borrower" as "each and every person who signs this agreement, including all Borrowers named above." Schneider did not sign the note and was not named as a "Borrower."

To secure payment of the note, the husband and Schneider executed a mortgage on residential property in Boca Raton.

The husband defaulted under the note. In 2016, the bank filed a verified foreclosure complaint against the husband, Schneider, and others. The complaint did not seek a personal money judgment against Schneider, nor did it mention Schneider in connection with a deficiency judgment.

Count I sought to foreclose the mortgage on the Boca Raton property. The complaint requested that if the proceeds of the foreclosure sale were insufficient to pay off the outstanding indebtedness, then the court should enter a deficiency judgment against the husband only:

> WHEREFORE, the Plaintiff, FIRST AMERICAN BANK, respectfully requests this Court to:
>
> ***
>
> d) Establish, if the proceeds of the sale of the Property being foreclosed are insufficient to pay FIRST AMERICAN BANK's claim, a Deficiency Judgment **against the Defendant, LAURENCE S. SCHNEIDER**, unless that individual has been discharged from liability under the attached Credit Agreement and Mortgage pursuant to the provisions of the United States Bankruptcy Code (11 U.S.C. § 101 et seq.)[.]

(emphasis supplied).

Count II of the complaint was a breach of contract claim against just the husband. That count sought a

> final judgment **against the Defendant LAURENCE S. SCHNEIDER** for $1,488,748.05 in unpaid principal, interest thereon, unpaid real estate property taxes due for the calendar years 2014 and 2015 in the amount of $46,148.17, along with any and all escrow amounts, expenses that have been incurred by FIRST AMERICAN BANK, title search expenses, expenses, costs and reasonable attorneys' fees . . . .

(emphasis supplied).

In 2017, the bank moved for summary judgment. Regarding count I, the bank sought foreclosure of the mortgage. If the proceeds of the sale were insufficient to pay the bank's claim, the motion sought the entry of a deficiency judgment against the husband only:

2

WHEREFORE, Plaintiff, FIRST AMERICAN BANK, respectfully requests that this Court:

\*\*\*

(d) direct the Clerk of Court to sell the Property which is the subject matter of this foreclosure to satisfy FIRST AMERICAN's Mortgage lien in accordance with the provisions of Fla. Stat. § 45.031;

(e) direct the Clerk of Court that the proceeds of the sale, the amounts due and owing to FIRST AMERICAN be paid in full, including reasonable attorneys' fees, costs, expenses and pre-judgment and post-judgment interest; [and]

(f) establish, if the proceeds of the sale of the Property being foreclosed are insufficient to pay FIRST AMERICAN's claim, **a Deficiency Judgment against the Defendant, LAURENCE S. SCHNEIDER**[.]

(emphasis supplied).

As to the breach of contract claim in count II of the complaint, the bank's motion requested the entry of a money judgment against the husband only.

Like the complaint, the motion for summary judgment requested neither a money judgment nor a deficiency judgment against the wife.

Schneider and her husband filed nothing in opposition to the motion for summary judgment.

At the hearing on the motion, the bank's attorney indicated that any deficiency judgment would be against the husband only.[1]

The trial court entered a final judgment of foreclosure and an amended final judgment awarding damages against the husband. The husband appealed both judgments. The wife did not participate in the appeal.

We affirmed in part and reversed in part. We held that the "judgments improperly allowed the Bank to simultaneously execute on the money

---

[1] In discussing the deficiency judgment, the trial court asked the bank's attorney, "So, you would just go against [the husband]?" The attorney replied, "Right."

3

judgment and foreclose on the [Boca Raton] property." *Schneider v. First Am. Bank,* 252 So. 3d 264, 265 (Fla. 4th DCA 2018). On remand, we instructed the trial court to "modify the foreclosure judgment so as to withhold the setting of the foreclosure sale of the property until the Bank certifies that its money judgment [against the husband] remains unsatisfied." *Id.* at 265–66.

On remand in 2018, the trial court entered an amended final judgment of foreclosure. The bank later moved for the assessment of attorney's fees, appellate attorney's fees, and costs. The husband and Schneider responded that as a non-borrowing spouse, Schneider had "no obligation to pay any indebtedness due to [the bank] whether principal, interest, attorneys' fees, costs or deficiency."

The bank replied to Schneider's response and argued, for the first time in the litigation, that the language of the mortgage made Schneider jointly and severally liable with her husband for a deficiency judgment.

The trial court entered an amended final judgment of foreclosure. At the foreclosure sale, the bank purchased the property for $807,100. Thereafter, the bank sought a deficiency judgment against both Schneider and her husband. At the hearing on the deficiency, the husband objected to his wife's liability for a deficiency, pointing to the language of the original complaint and the motion for summary judgment.

The trial court entered a deficiency judgment against Schneider and her husband "jointly and severally" in the amount of $1,547,391.54, prompting this appeal.

The problem with the entry of a deficiency judgment against Schneider is that the bank pursued the case to final judgment with a complaint and motion for summary judgment that sought the entry of damage and deficiency judgments against the husband only. Until the bank changed its position after remand, this case proceeded against Schneider's interest in the Boca Raton property, without seeking any type of personal money judgment against her. "A judgment of foreclosure is a judgment in rem or quasi in rem that directs the sale of the mortgaged property to satisfy the mortgagee's lien. . . . [I]t applies only to the property secured by the mortgage, and does not impose any personal liability on the mortgagor." *Aluia v. Dyck-O'Neal, Inc.,* 205 So. 3d 768, 773–74 (Fla. 2d DCA 2016) (citations and internal quotation marks omitted).

"Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise." *Stockman v. Downs,* 573 So.

2d 835, 837 (Fla. 1991). "A trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent." *Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945 (Fla. 4th DCA 2015). "Thus, 'a judgment which grants relief wholly outside the pleadings is void.'" *Id.* (quoting *Bank of N.Y. Mellon v. Reyes*, 126 So. 3d 304, 309 (Fla. 3d DCA 2013)). "Further, granting relief which was never requested by the appropriate pleadings, nor tried by consent, is a violation of due process." *Id.*

"Pleadings sufficient to invoke a court's jurisdiction, according to the rules of civil procedure, include a complaint, petition, counterclaim, crossclaim, and a third-party complaint." *Bank of Am., N.A. v. Nash*, 200 So. 3d 131, 135 (Fla. 5th DCA 2016) (citing Fla. R. Civ. P. 1.100(a)). Florida Rule of Civil Procedure 1.110(b) requires a pleading to set forth a claim with a "short and plain statement of the ultimate facts showing that the pleader is entitled to relief" and a "demand for judgment for the relief to which the pleader deems" itself "entitled."

Nothing in the bank's complaint hints that it would seek a deficiency judgment against Schneider. It seeks a deficiency judgment against the husband. Nor does the complaint set forth the theory of recovery against Schneider that the bank pursued on remand—that the terms of the mortgage made Schneider jointly and severally liable for a deficiency judgment. "When an award of relief is not sought by the pleadings, it is error to grant such relief." *Moore v. Trevino*, 612 So. 2d 604, 606 (Fla. 4th DCA 1992).

Similarly, the bank's motion for summary judgment sought a deficiency against the husband only, with no mention of Schneider. Under the summary judgment rule in effect at the time the bank's motion was heard,[2] a motion for summary judgment "must state with particularity the grounds upon which it is based and the substantial matters of law to be argued." Fla. R. Civ. P. 1.510(c) (2017). The bank's motion did not specifically argue the legal theory the bank urged upon remand—that the mortgage created Schneider's liability for the deficiency.

---

[2] After the trial court issued the final judgment of foreclosure, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510(c). *See In re Amendments to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72 (Fla. 2021). The amendment, which became effective on May 1, 2021, does not apply here as the final judgment predates the amendment. *See id.* at 77 (stating that "the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases").

Finally, the bank's attorney conceded at the summary judgment hearing that the bank was seeking a deficiency against the husband only. *See generally McPhee v. State*, 254 So. 2d 406, 409–10 (Fla. 1st DCA 1971) (recognizing the "general rule is that a party cannot occupy inconsistent positions in the course of a litigation").

The bank contends that *Bank of Florida in South Florida v. Keenan*, 519 So. 2d 51 (Fla. 3d DCA 1988), supports its position, but that case differs in a significant way from the situation here. In *Keenan*, after the entry of a foreclosure judgment, the bank brought a separate action at law to recover the deficiency, naming two defendants against whom it did *not* seek a deficiency in the foreclosure case. *Id.* at 51. The trial court granted summary judgment for the defendants. *Id.* The Third District reversed, holding that the "subsequent action was not barred . . . regardless of the foreclosure suit complaint" that did not seek a deficiency against either defendant. *Id.* at 52.

Unlike *Keenan,* this case did not involve a separate deficiency action at law, initiated with a new complaint setting forth the basis of the defendant's liability.

We reverse the final deficiency judgment against Schneider and remand for the entry of an amended judgment against only her husband.

*Reversed and remanded with instructions.*

CONNER, C.J., and MAY, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**