DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION,**
Appellant,

v.

**LAURA SAUNDERS** and **EUGENE SAUNDERS,**
Appellees.

No. 4D22-1658

[August 30, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 31-2020-CA-000205.

Adam A. Diaz and Roy A. Diaz of Diaz Anselmo & Associates P.A., Fort Lauderdale, for appellant.

Beau Bowin of the Bowin Law Group, Indialantic, for appellees.

CONNER, J.

The appellant, U.S. Bank National Association ("the Bank"), appeals the amended final judgment of foreclosure in favor of the appellees, Laura and Eugene Saunders ("the Borrowers"). The Bank raises two issues on appeal, challenging two portions of the amended final judgment. First, the Bank argues the trial court erred in finding in the Borrowers' favor on the mortgage foreclosure count and denying foreclosure. We affirm on that issue without discussion. Second, the Bank argues the trial court erred in fashioning a resolution to the case after denying foreclosure, which established a balance due on the mortgage, and ordered the Borrowers to begin making payments on the constructed balance. We agree with the Bank that the trial court exceeded its authority in fashioning this resolution and reverse that portion of the amended final judgment.

*Background*

The instant case arises from the third attempted foreclosure of the Borrowers' loan over the past decade. The trial court, ruling in the Borrowers' favor on the Bank's foreclosure count, described the history of

the case as "tortured." The trial court had previously denied foreclosure partly based on problems with the loan going back to the first foreclosure attempt. Based on the loan's history, which included a written loan modification agreement, and the trial court's findings in this case, the trial court entered an amended final judgment denying foreclosure for a third time. However, the trial court also fashioned a resolution to the suit, stating:

> Based on the foregoing findings of fact and the procedural history of the foreclosure proceedings involving [the Borrowers'] mortgage [citing the two previous foreclosure case numbers] the Court hereby Orders that the total Mortgage balance, to include any and all fees and costs is $111,654.63 as of May 2, 2022. Said sum shall be paid back by [the Borrowers] to [the Bank] pursuant to the terms and conditions of the Loan Modification Agreement between the parties dated June 8, 2010. Repayment shall commence June 1, 2022 with an initial principal, interest, taxes and insurance monthly payment of $634.44.

Notably, although the trial court's resolution established "the total Mortgage balance" that "include[d] any and all fees and costs," the $111,654.63 did not include sums which the Bank had alleged the Borrowers owed under the loan modification agreement, including interest, advances, and a deferred balance.

The Bank filed a motion for rehearing, challenging, in part, the trial court's resolution of "the total Mortgage balance" and payment plan. The trial court denied the Bank's motion without explanation. The Bank then gave notice of appeal.

*Appellate Analysis*

The Bank argues the trial court's amended final judgment denying foreclosure was improper because it created a resolution to the suit that effectively rewrote the parties' loan agreements. The Bank contends the trial court's resolution was erroneous for two reasons: the trial court (1) granted relief beyond that requested by the Borrowers and (2) exceeded its equitable powers in rewriting the parties' loan agreements. We agree with both contentions.

As the Bank argues, our supreme court has explained that after an unsuccessful foreclosure, "the parties are simply placed back in the same contractual relationship as before, where the residential mortgage

2

remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked." *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1019 (Fla. 2016). The Borrowers argue the trial court's resolution simply described the parties' respective positions when placed back in the same contractual relationship as prior to suit. The trial court apparently may have thought that it was clarifying the parties' obligations under the loan modification agreement, and was putting the parties in the position in which the trial court thought they would be under the modification agreement. But the trial court's resolution in the amended final judgment did not bring the parties back to their relationship status prior to suit being filed. Instead, as the Bank suggests, the amended final judgment effectively created a new modified agreement with which the parties were required to comply.

In particular, the amended final judgment negated essential contractual terms favorable to the Bank. The Borrowers contend the trial court simply adopted the principal balance alleged in the Bank's complaint. However, in addition to the alleging a $111,654.63 principal balance, the Bank's complaint also alleged the Borrowers were required to pay $6,700 in deferred principal under the loan modification agreement, "together with costs, advances and expenses as provided in the Note and Mortgage." By ordering "the total Mortgage balance" to be "$111,654.63 as of May 2, 2022," and expressly excluding certain sums to which the Bank could be entitled under the loan agreements, the amended final judgment's effect was to rewrite the parties' agreements.

The Bank is correct that the trial court erred in rewriting the contract for two reasons. First, the Borrowers did not seek to amend the loan agreements in their pleadings, so the trial court granted relief beyond that which the pleadings requested. *See Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945-46 (Fla. 4th DCA 2015).

Second, the trial court could not use its equitable powers to amend the loan documents. *Ivy Chase Apartment Property, LLC v. Ivy Chase Apartments, Ltd.*, 352 So. 3d 33 (Fla. 2d DCA 2022), is instructive. There, the Second District addressed a foreclosure case where one of the issues was the default interest rate. *Id.* at 37. The note provided a default interest rate "at the maximum allowable rate permitted by law," which the opinion indicates was 25% for the loan at issue. *Id.* at 37, 43. The appellant sought a 25% default interest rate, but the trial court, relying on its equitable powers, ordered a 5% default interest rate. *Id.* at 39.

On appeal, the appellant challenged the trial court's default interest rate, arguing the trial court erred in ignoring the note's default interest

rate, and instead used its equitable powers to fashion a rate. *Id.* at 42-43. The Second District agreed with the appellant and reversed, explaining:

> [W]hile foreclosure as a remedy may be denied based on equitable considerations like unclean hands or unconscionability, in determining whether to grant the equitable relief of foreclosure, the trial court is not at liberty to modify terms of a note and mortgage that are unambiguous and undisputed. In other words, while trial courts may be at liberty to invoke equitable considerations in determining *whether* to grant the equitable remedy of foreclosure, such equitable considerations cannot justify rewriting the terms of the parties' agreements upon which the right to foreclose is based.

*Id.* at 43 (citations and internal quotation marks omitted).

The same is true here. The amended final judgment here focused solely on the principal balance due on the mortgage and ignored other amounts under the loan agreements to which the Bank may have been entitled. Quite simply, the "mortgage balance" is generally not the same thing as the "principal balance."

Although we determine the trial court properly exercised its equitable powers in denying the Bank's count for foreclosure, the trial court exceeded its equitable powers in rewriting the parties' agreements.

*Conclusion*

Finding the trial court erred in fashioning a resolution of the case by establishing a new mortgage balance that excluded certain amounts to which the Bank may be entitled under the loan modification agreement, we reverse that portion of the amended final judgment with instructions for the trial court to strike the language establishing "the total Mortgage balance" and establishing a monthly repayment amount. The amended final judgment shall simply deny foreclosure (with explanation as appropriate), determine entitlement to fees and costs as appropriate, and reserve jurisdiction as appropriate.

*Affirmed in part, reversed in part, remanded with instructions.*

MAY and CIKLIN, JJ., concur.

\* \* \*

4

*Not final until disposition of timely filed motion for rehearing.*