384 So.2d 1323 (1980)
FLAGSHIP BANK OF ORLANDO, Formerly Known As Orlando Bank & Trust Company, Appellant,
v.
Jackson BRYAN et al., Appellees.
No. 79-1580/T4-664.
District Court of Appeal of Florida, Fifth District.
June 18, 1980.
Bruce Bogin, of Bogin, Munns & Munns, Orlando, for appellant.
Jackson Bryan, Palatka, for appellees.
SHARP, Judge.
The Flagship Bank of Orlando appeals from a final judgment entered after a jury trial, in favor of Jackson Bryan, Yvonne Bryan, Everette S. Roane and Nova Roane. The bank urges that the verdict was contrary to the evidence, and that the trial court should have granted its motion for new trial.[1] We agree and accordingly remand for a new trial.
The trial concerned only the issue of damages. The liability of the appellees as guarantors of a loan had been previously determined in an earlier proceeding. Flagship loaned $500,000.00 to Syntax Corporation, secured by a real estate mortgage on five condominium units and a recreation facility at Hill House Bath & Tennis Club in Mount Dora, Florida. The bank foreclosed the *1324 mortgage and purchased the assets on December 9, 1977. Thereafter the bank sued the appellees on their guaranties, seeking to recover a deficiency. The jury was unable to reach a verdict, but the trial court directed a verdict on the issue of liability and reset the matter for trial on the question of damages.
At this trial the judge instructed the jury that the defendant-appellees were liable on their guaranty agreements to the bank and that they should determine the amount of damages the bank was entitled to recover.
Your assessment of the amount of damages for plaintiff will be determined by the amount of credit to which the defendants are entitled for the fair market value of the property recovered by the plaintiff in December 1977 as shown by the evidence which has been presented to you. The fair market value of the property may be deemed to be that sum which, considering all of the circumstances would be arrived at [by] fair negotiations between an owner willing to sell and a purchaser willing to buy, neither being under any pressure.
These instructions were not objected to by any party, and they are a correct statement of the applicable law.
The only evidence presented relating to the market value of the collateral in December of 1977 was the testimony and written appraisals of two "expert" witnesses. Robert K. Bell, Jr. appraised the property for the bank at $477,000.00. The defendants' appraiser, J. Fred Kurras, testified that the fair market value was $544,000.00. The only other testimony remotely relating to value was given by the president of the Syntax Corporation, who stated he acquired the land in 1969 for $100,000.00, and the general contractor for the club-house facility, who testified the cost of construction in 1972-73 was between $350,000.00 to $375,000.00. Counsel for the bank objected to both statements on the grounds of relevancy, but was overruled by the trial court.
The bank established that it was owed $625,709.54 by the Syntax Corporation based on the foreclosure debt and judgment,[2] and that it had not recovered any funds on the debt from the debtor or any other guarantor. The bank officer admitted on cross-examination that Flagship had obtained a deficiency judgment against Syntax for $148,709.54 and a judgment for $127,114.55 against two other guarantors.[3]
Based on this record, the jury's verdict "for the defendants" cannot be sustained. Since the trial court instructed the jury that liability was clear, and their sole function was to assess damages we assume for purposes of this appeal that the verdict was equivalent to a "zero" damage award. After a careful reading of the record in this case, we conclude that the jury had no reasonable basis to determine there was no deficiency between the fair market value of the collateral on December 1977, and the judgment debt owed and unpaid to the bank. Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Parris v. Gavagan, 271 So.2d 816 (Fla.2d DCA 1972). Because the jury ignored the evidence or misconceived the merits of the case,[4] we reverse and remand for a new trial on the issue of damages.
REVERSED and REMANDED.
DAUKSCH, C.J. concurs.
ORFINGER, J., dissents with opinion.
*1325 ORFINGER, Judge, dissenting.
While I agree that the verdict "for the defendants" was defective in form, the jury's intention to return a zero verdict is not in doubt. The trial judge apparently was of the opinion that the evidence of value would sustain a zero verdict on damages, because he also instructed the jury, without objection:
"I now instruct you that your assessment of damages for plaintiff can range from nothing to $140,787.87."
The evidence of value of the property is not at all clear. Appellant did not object to the foregoing jury instruction, and I think it has no standing to now complain because the jury did just what it was told it could do.
I respectfully dissent, and would affirm.
NOTES
[1] Vega v. Cosmopolitan Mutual Ins. Co., 336 So.2d 660 (Fla.3d DCA 1976).
[2] The Bank is entitled to recover its full mortgage debt, including principal, costs and lawful interest. American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862 (1915); Heimer v. Albion Realty & Mortgage, Inc., 300 So.2d 31 (Fla.3d DCA 1974). The deficiency or liability of the guarantors should not be measured solely by the principal sum loaned by the Bank.
[3] Since the appellees unconditionally guaranteed payment of the debt to the bank, clearly the bank could obtain a judgment for the deficiency against each of the guarantors and the debtor. However, the indebtedness can be collected only once, and any payment on any of the judgments must be credited to the others. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174 (Fla.4th DCA 1970); Luckey v. Thornton, 171 So.2d 410 (Fla.3d DCA 1965).
[4] Lassitter v. Intern. Union of Op. Engin., 349 So.2d 622 (Fla. 1976).