QUINCE, PEGGY A., Associate Judge.
This appeal arises from the foreclosure of property on which Premier holds a mortgage *662 and a guarantee. Because we find that under the facts of this case Premier should be not be permitted to proceed with its discovery, we reverse the trial court’s denial of the protective order. Otherwise, we affirm.
Century Group argues that Premier should be required to pursue a foreclosure deficiency hearing prior to executing on the money judgment obtained below. The question this court faces is the effect on a collection action if a party attempts to execute on a promissory note following a foreclosure sale rather than pursue the deficiency amount in a deficiency judgment hearing.
It is axiomatic that a party can only recover once on the same debt. See Flagship Bank v. Bryan, 384 So.2d 1323 (Fla. 5th DCA 1980)(“However, the indebtedness can be collected only once, and any payment on any of the judgments must be credited to the others.”) Thus, if Premier had pursued execution of the money judgment and recovered the entire judgment amount, then it could not pursue execution of the foreclosure judgment. If Premier pursued foreclosure, and the sale amounts satisfied the judgment, then Premier could not pursue its judgment on the note. Complications arise, however, if the proceeds resulting from the initial collection method, execution on the note or foreclosure, do not satisfy the entire debt. In that circumstance, a party is required to pursue another method of collection to obtain the entire amount of the judgment.
Although a party may pursue both a foreclosure action and an execution on note, Mellor v. Goldberg, 658 So.2d 1162 (Fla. 2d DCA 1995), typically a party will follow a foreclosure sale by initiating a deficiency hearing to obtain a deficiency judgment. In this instance, Premier is attempting to execute on the promissory note to obtain the difference between the foreclosure sale amount and the amount of the judgment. Premier’s collection efforts have the potential to result in an inequity. By executing on a promissory note and then setting-off the amount recovered at foreclosure, Premier avoids a hearing on the amount of deficiency between the foreclosure sale amount and the judgment amount pursuant to section 702.06, Florida Statutes.[1] In this case, prior to Premier’s discovery efforts, its predecessor in interest, the Resolution Trust Corporation, moved for a deficiency judgment, and the trial court determined that an evidentiary hearing was necessary to determine the deficiency amount, if any, between the foreclosure sale price and the judgment. Under the circumstances of this case, where Premier has already initiated a deficiency proceeding by asking for and receiving a ruling from the trial court that it is entitled to a hearing on deficiency, Premier has elected its remedy. See Reid v. Miami Studio Properties, 139 Fla. 246,190 So. 505 (Fla.1939).
Discovery prior to a determination of a deficiency would be a potentially irrelevant and costly exercise. Once a deficiency amount has been determined, Premier may proceed with its discovery and apply any monies obtained during execution to the deficiency between the foreclosure sale amount and the judgment.
Reversed in part; affirmed in part.
PARKER, C.J., and WHATLEY, J., Concur.

. The amount bid at a mortgage foreclosure sale does not conclusively establish market value of property for purposes of a deficiency decree. Fulton v. R.K. Cooper Const. Co., 208 So.2d 863 (Fla. 3d DCA 1967).