SCHWARTZ, Senior Judge.
 

 The final judgment of mortgage foreclosure on appeal unauthorizedly and contrary to Form 1.996, promulgated by the Florida Supreme Court for such actions, provides “for which let execution issue,” upon the amounts due on the underlying debt. As in
 
 American General Finance, Inc. v. Graves,
 
 621 So.2d 585 (Fla. 5th DCA 1993),
 
 [1]
 
 those words are stricken from the judgment under review, which is otherwise affirmed.
 

 The effect and purpose of this ruling is to prevent the circumvention of the process required to establish the right to a deficiency judgment, which prominently includes a valuation of the mortgaged property.
 
 See Century Group, Inc. v. Premier Fin. Servs. East, L.P.,
 
 724 So.2d 661 (Fla. 2d DCA 1999). In other words, we disapprove any effort — including those already undertaken by the appellee in this case— to reach the personal assets of the mortgagor until, unless, and only to the extent that a deficiency judgment is rendered after an appropriate exercise of the trial court’s discretion in accordance with applicable principles of law and equity.
 
 See Wilson v. Adams & Fusselle, Inc.,
 
 467 So.2d 345, 346 (Fla. 2d DCA 1985), and cases cited therein; see also
 
 Fulton v. R.K. Cooper Constr. Co.,
 
 208 So.2d 863 (Fla. 3d DCA 1967), writ dismissed, 216 So.2d 11 (Fla.1968). Moreover, the trial court must also consider the claim that the appellee specifically waived the right to a deficiency in the proceedings below, in which case no such judgment may be entered.
 
 See Taylor v. Kenco Chem. & Mfg. Corp.,
 
 465 So.2d 581, 584 (Fla. 1st DCA 1985);
 
 Capital Bank v. Needle,
 
 596 So.2d 1134, 1136 (Fla. 4th DCA 1992).
 

 Affirmed in part, reversed in part and remanded in part.
 

 [1]
 

 .
 
 American General Finance, Inc.,
 
 621 So.2d at 585, states in its entirety:
 

 We delete the words "for which let execution issue” from the final judgment of mortgage foreclosure which is otherwise affirmed as modified.
 

 AFFIRMED as modified.