PER CURIAM.
F. Lloyd Blue, Jr. (“Blue”) brought this appeal seeking review of a Final Summary Judgment and an order denying rehearing. In these orders, the trial court reserved jurisdiction to determine the fair market value of property received by Covington County Bank (“Covington”), the appellee, in satisfaction of the underlying debt. In light of the reservation of jurisdiction, the appeal is premature and must be dismissed. Fla. R.App. P. 9.110(J).
The Final Summary Judgment entered judgment, without language of execution, for the amount owed Covington based on Blue’s personal guaranty of a debt. The debt was also secured by a mortgage. A final judgment of foreclosure had previously been entered in this case and the subject real property was sold at a foreclosure sale. Noting Blue’s entitlement to credit, the trial court reserved jurisdiction to determine the fair market value of the property. Subsequently, the trial court denied Blue’s motion for rehearing. The order on the motion also ordered Covington to immediately credit the sum of $1,300,000.00 to the final judgments and to execute a partial satisfaction of judgment in that amount. The trial court again reserved jurisdiction to determine the fair market value of the property to address whether the value of the property exceeded the amount of the credit.
Blue argues that the orders on appeal constitute a final appealable judgment, *911 despite the reservations of jurisdiction, because they resolve the entire matter between the parties and leave nothing further to be done by the trial court. Blue asserts that should the Court dismiss the appeal, the Summary Final Judgment will become enforceable against him in the entire amount owed less the amount of the credit. Further, this area of the law is currently in flux and requires clarification.
An order is final and ripe for appeal when it completes the judicial labor of the lower tribunal. Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002). In post-foreclosure proceedings to establish a deficiency judgment, the trial court must determine the value of property sold in satisfaction of the underlying debt. Farah v. Iberia Bank, 47 So.3d 850 (Fla. 3d DCA 2010) (explaining that “the process required to establish the right to a deficiency judgment [ ] prominently includes a valuation of the mortgaged property”); Hatton v. Barnett Bank of Palm Beach County, 550 So.2d 65 (Fla. 2d DCA 1989) (remanding “to find correct amounts to be credited to appellants before determining the amount of the final deficiency judgments”); Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983) (agreeing that the guarantors of a promissory note were entitled to a set-off against the final summary judgment on the guaranty); Provident Nat’l Bank v. Thunderbird Assocs., 364 So.2d 790, 798 (Fla. 1st DCA 1978) (holding guarantor on a note secured by a mortgage “cannot be held liable for any part of the indebtedness adjudicated by the final judgment of foreclosure” that had been offset); Fulton v. R.K. Cooper Const. Co., 208 So.2d 863 (Fla. 3d DCA 1967) (holding, “as a matter of law, the bid price paid at a foreclosure sale is not conclusive as to the market value of the property in a subsequent law action for deficiency decree upon the note”). In the instant appeal, the trial court recognized Blue’s entitlement to a set-off and reserved jurisdiction accordingly. In light of the reservation of jurisdiction, the trial court’s judicial labor is not complete and the orders are not final. See Johnson v. Johnson, 902 So.2d 241, 243 (Fla. 1st DCA 2005) (distinguishing between final order on appeal and nonfinal order that “affirmatively and specifically reserved jurisdiction”); Hamilton v. Ryan Foods, Inc., 867 So.2d 1217 (Fla. 1st DCA 2004); Raymond James & Assocs., Inc. v. Godshall, 851 So.2d 879 (Fla. 1st DCA 2003). Finally, although the Court lacks jurisdiction to address the merits of the appeal, it is worth noting that where a trial court has determined that a hearing is necessary to determine the amount of a deficiency, if any, a mortgagee should not be permitted to attempt to execute on a promissory note following the foreclosure sale and before entry of a deficiency judgment. Century Group, Inc. v. Premier Financial Servs. East, L.P., 724 So.2d 661 (Fla. 2d DCA 1999); see also Farah, 47 So.3d at 851 (disapproving efforts to reach mortgagor’s personal assets before entry of a deficiency judgment).
DISMISSED.
PADOVANO, THOMAS, and SWANSON, JJ., concur.