ROTHENBERG, J.
On January 10, 2012, the trial court entered a Final Judgment of Foreclosure against Altos Pointe Investment, LLC (“Altos”), as charged in Count I in the complaint. Pursuant to the Final Judgment of Foreclosure entered, the property was sold on February 14, 2012. Thereafter, on April 16, 2012, the trial court entered summary judgment as to Count II (an action on the promissory note against Altos); Count III (against Altos for breach of a letter agreement to pay an exit fee), and Count IV (to recover damages against Edward D. Pascoe (“Pascoe”)).
To the extent that the appellants, Altos and Pascoe (“appellants”) seek review of the Final Judgment of Foreclosure entered on January 10, 2012, we note that no notice of appeal has been filed as to that judgment and that the notice of appeal filed on May 16, 2012, and the re *951 vised notice of appeal filed on May 23, 2012, are untimely as to that judgment. To the extent that Altos seek review of the summary judgment as to Counts II and III, entered on April 16, 2012, we dismiss the appeal as the order entering summary judgment as to those counts is a non-final, non-appealable order. As the trial court’s order and the record clearly reflect, Count V seeks foreclosure of a security interest against Altos; Count V is interrelated to and interdependent upon the other causes of action alleged and now resolved in the complaint; and the trial court reserved jurisdiction regarding Count V, which remains pending. Thus, the summary judgment order as to Altos is a partial summary judgment and this appeal is premature. See Blue v. Covington Cnty. Bank, 77 So.3d 909 (Fla. 1st DCA 2012) (dismissing appeal as premature where trial court had reserved jurisdiction in its summary judgment order to determine the value of property in connection with a mortgage foreclosure); Hamilton v. Ryan Foods Co., 867 So.2d 1217 (Fla. 1st DCA 2004) (dismissing appeal as premature, finding the order under review was a nonfinal order because the trial court had reserved jurisdiction to determine collateral source set-offs); see also Hallock v. Holiday Isle Resort & Marina, Inc., 885 So.2d 459, 461-62 (Fla. 3d DCA 2004) (holding that an appeal from a partial summary judgment is only appealable if the pending claims are not interdependent upon the claims that have been resolved).
Regarding Count IV, in which the plaintiff sought to recover damages against Pascoe, we conclude the trial court’s order entering summary judgment in favor of the plaintiff and against Pascoe, represents a final appealable order. Finding no error as to the trial court’s ruling in Count IV, we affirm that portion of the order. To recap, we dismiss Altos’ appeal as to Counts I, II, and III; and we affirm the trial court’s order as to Count IV.
Affirmed in part; dismissed in part.