FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VIRGINIA HAMMOND a/k/a VIRGINIA )
HAMMOND KHAN, )
                                       )
      Appellant, )
                                         )
v. )      Case Nos. 2D13-4425
                                         )                   2D13-4522
KINGSLEY ASSET MANAGEMENT, LLC, )
a limited liability company; NABEL )
MUHANNA, M.D., an individual; S.H.I. )      CONSOLIDATED
HOLDINGS, LLC; KIRAN SHAILENDRA, )
an individual; RAHIM SABADIA, as )
cotrustee of the Sabadia Family Trust; )
I.A. KHAN; PHANI R. TUMMALA; )
MILLENIUM PARTNERS, LLC, a Georgia )
limited liability company; and KING )
ENGINEERING ASSOCIATES, INC., a )
Florida corporation, )
                                         )
      Appellees. )
_____)

Opinion filed August 13, 2014.

Appeals pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
William H. Burgess, III, Judge.

Virginia Hammond, pro se.

Luis Martinez-Monfort, Amanda M. Uliano,
and Keith W. Meehan of Gardner Brewer
Martinez-Monfort, P.A., Tampa, for
Appellee Kingsley Asset Management,
LLC.

E.A. "Seth" Mills, Jr., and Adam Denver
Griffin of Mills Paskert Divers, P.A., Tampa,
for Appellees Millenium Partners, LLC, and
I.A. Khan.

No appearance for remaining Appellees.

DAVIS, Chief Judge.

In these consolidated appeals, Virginia Hammond, pro se, challenges the trial court's nonfinal orders denying her motion to dissolve a writ of garnishment entered against her and granting the garnishee's motion to deposit funds into the registry of the court. Because Kingsley Asset Management has not obtained a deficiency judgment in the underlying foreclosure proceeding, we reverse.

Kingsley brought a three-count action against Hammond and five other named defendants. Count one of the complaint was for foreclosure of a mortgage on a piece of commercial property in Pasco County and specifically sought a foreclosure sale and, "if the proceeds of the sale are insufficient to Plaintiff's claim, a Deficiency Judgment against Defendant." Count two was an action for damages on the promissory note. And count three alleged damages stemming from the guaranty agreements the defendants each signed.

Following a bench trial, the trial court entered a final judgment of foreclosure against Hammond in the amount of $13,953,990.32.[1] That judgment specifically stated that the clerk was not to set the matter for a foreclosure sale until

---

[1]Based on the terms of the note, Hammond and her coinvestors were jointly and severally liable on the mortgage debt.

- 2 -

written application for such was made by Kingsley. On the breach of promissory note alleged in count two, the trial court entered a separate final judgment against Hammond in the same amount identified in the foreclosure judgment. This order specifically stated, "[L]et execution issue." Both of these orders were entered on the same day and in the same circuit court case number.

Kingsley subsequently applied for a foreclosure sale, and that sale was held May 22, 2013. Hammond's 15.75% interest in the property was sold at public auction to Kingsley for a credit bid of $1100. Kingsley did not seek a deficiency judgment below, and based on the record before us, none has been entered.

At the same time that the underlying cause was progressing below, Hammond and her ex-husband Ishtiaq Khan, who holds an interest in Kingsley, were engaging in binding arbitration in Georgia to settle postdissolution disputes arising from the terms of their divorce settlement. Following that arbitration, the Georgia arbitrator directed Khan to pay Hammond the lump sum of $1,164,595.

Subsequent to entry of that award, Kingsley filed its "Notice to Defendant of Service of Writ of Garnishment" and a motion for writ of garnishment naming Khan as the garnishee and seeking a response from Khan as to whether he was indebted to Hammond. The writ of garnishment was issued the same day. Khan then filed his answer, stating that he was indebted to Hammond in the amount of $1,164,595, and his motion to deposit those funds into the registry of the court. The trial court granted Khan's motion after an evidentiary hearing. Hammond then moved to dissolve the writ of garnishment, but the trial court denied the motion after evidentiary hearing. Hammond now challenges these two orders of the trial court.

- 3 -

On appeal, Hammond first argues that the trial court erred in issuing the writ of garnishment in Kingsley's favor because Kingsley never obtained a deficiency judgment in the foreclosure proceedings. We agree.

Initially, we note that Kingsley is correct that it has the right to pursue both a claim for foreclosure of the mortgage and a claim for damages on the note. "It has long been the common law that, to collect money owed on a note, a mortgagee may pursue its legal and equitable remedies simultaneously, until the debt is satisfied." Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA, 89 So. 3d 923, 929 (Fla. 4th DCA 2012). "[T]he reason that an action at law on a note may be pursued simultaneously with the equitable remedy of foreclosure is that the two remedies are not inconsistent." Id. at 932.

However, Kingsley cannot rely on Royal Palm to support its conclusion that it need not obtain a deficiency judgment in the instant case. Although Royal Palm and the instant case share some factual similarities, the posture of the Royal Palm case is different than that presented here.

Royal Palm is similar to the instant case in that the plaintiff filed a multicount complaint seeking both to foreclose the mortgage and to receive damages for breach of the note. The trial court found in favor of the plaintiff on both counts and did not set a sale of the mortgaged property, withholding the sale pending application by the plaintiff. On the damages count, the trial court in Royal Palm ordered the defendant to pay the designated amount, stating "for which let execution issue." So, similar to the instant case, the damages judgment in Royal Palm was final and collectible, but the foreclosure judgment was not "collectible" until the plaintiff requested a foreclosure sale.

It is at that point in Royal Palm that the defendant appealed, arguing that such was an improper procedure for the trial court. Accordingly, the only questions before the Fourth District in Royal Palm were whether the plaintiff could pursue both the equitable and legal remedy simultaneously and whether the trial court could rule on both issues. The Fourth District answered both those questions affirmatively because there was no danger of double recovery.

In the instant case, however, the final judgments for damages and foreclosure are not before us. Rather, the issue before us is whether, now that Kingsley has sought and obtained a foreclosure sale of the property, it can collect purely on the money judgment without first obtaining a deficiency judgment. We conclude that it cannot.

This case is analogous to Century Group, Inc. v. Premier Financial Services East, L.P., 724 So. 2d 661, 662 (Fla. 2d DCA 1999), in which "[t]he question this court face[d] [wa]s the effect on a collection action if the party attempts to execute on a promissory note following a foreclosure sale rather than pursue the deficiency amount in a deficiency judgment hearing." In addressing that issue, this court stated:

> It is axiomatic that a party can only recover once on the same debt. Thus, if Premier had pursued execution of the money judgment and recovered the entire judgment amount, then it could not pursue execution of the foreclosure judgment. If Premier pursued foreclosure, and the sale amounts satisfied the judgment, then Premier could not pursue its judgment on the note. Complications arise, however, if the proceeds resulting from the initial collection method, execution on the note or foreclosure, do not satisfy the entire debt. In that circumstance, a party is required to pursue another method of collection to obtain the entire amount of the judgment.

- 5 -

Id. at 662 (citation omitted).  This court further noted that "[a]lthough a party may pursue both a foreclosure action and an execution on note, typically a party will follow a foreclosure sale by initiating a deficiency hearing to obtain a deficiency judgment."  Id. This court reversed, concluding that

> Premier is attempting to execute on the promissory note to obtain the difference between the foreclosure sale amount and the amount of the judgment. Premier's collection efforts have the potential to result in an inequity.  By executing on a promissory note and then setting-off the amount recovered at foreclosure, Premier avoids a hearing on the amount of deficiency between the foreclosure sale amount and the judgment amount pursuant to section 702.06, Florida Statutes.

Id.; see also Flagship Bank v. Bryan, 384 So. 2d 1323, 1324 n.3 (Fla. 5th DCA 1980) ("[T]he indebtedness can be collected only once, and any payment on any of the judgments must be credited to the others.").

The same is true here.  To avoid the possibility of a double recovery, before Kingsley can execute on the promissory note, the trial court must conduct a deficiency hearing to determine the amount of set-off from the foreclosure sale.[2]  We therefore reverse the trial court's order denying the motion to set aside the writ of garnishment.  Accordingly, we must also reverse the trial court's order granting the garnishee's motion to place funds in the registry of the court pursuant to the writ of

---

[2]We also note that because Hammond is jointly and severally liable here, a deficiency hearing will allow the court to determine if Kingsley has collected on the debt from any of the other defendants.

- 6 -

garnishment.[3]  We remand with instructions to grant Hammond's motion to dissolve the writ of garnishment and for further proceedings consistent with this opinion.

Reversed and remanded.

KELLY and LaROSE, JJ., Concur.

---

[3]Although on appeal both parties raise arguments as to whom the funds should then be dispersed, that issue has yet to be considered by the trial court and therefore is not before us.