[Cite as *Franchas Holdings, L.L.C. v. Dameron*, 2016-Ohio-878.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| FRANCHAS HOLDINGS, LLC, | : | |
| | | CASE NO. CA2015-09-073 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 3/7/2016 |
| - vs - | | |
| | : | |
| ROBERT DAMERON, as Executor of | : | |
| Estate of RUSSELL F. YOUNG II, | | |
| DECEASED, | : | |
| | | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014-CVH-1266


Shade Law Group, LLC, Kenneth R. Craycraft, Jr., 5181 Natorp Boulevard, Suite 110, Mason, Ohio 45040, for plaintiff-appellant

William G. Massa, 431 Ohio Pike, Suite 216 North, Cincinnati, Ohio 45255, for defendant-appellee


**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Franchas Holdings, LLC, appeals from the decision of the Clermont County Court of Common Pleas granting summary judgment to defendant-appellee, Robert Dameron, the executor of the estate of Russell F. Young, II. For the reasons outlined below, we affirm.

{¶ 2} On February 2, 2007, Young purchased eight condominium units in the Yacht Harbor Village located in Palm Coast, Flagler County, Florida. As a result of this purchase, Young became a member of the Yacht Harbor Village Condominium Association ("Association") subject to the Association's Declaration of Covenants and Restrictions ("Declaration"). As part of the Declaration, Young was required to pay assessments and other charges for his eight condominium units to the Association. The Association later assigned its right to collect upon any unpaid assessments regarding Young's eight condominium units to Franchas Holdings, a real estate holding company based in Florida.

{¶ 3} On August 30, 2012, Franchas Holdings filed a complaint in foreclosure with the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida ("Florida Circuit Court"), seeking to collect upon the unpaid assessments attributed to Young's eight condominium units. As permitted by Fla. Stat. 718.116(6)(a), the complaint sought to both (1) foreclose on the assessment lien "in the manner a mortgage of real property is foreclosed" and also (2) recover a money judgment. Young, however, never appeared in the action.

{¶ 4} On August 29, 2013, the Florida Circuit Court entered a default judgment against Young in the amount of $442,272.13, plus interest. Conditioned on Young's failure to pay off the total amount then due and owing, the Florida Circuit Court then scheduled a public sale of Young's eight condominium units for October 4, 2013. Thereafter, when Young failed to pay off the money judgment rendered against him, Franchas Holdings foreclosed on the property and purchased all eight of Young's condominium units at the public sale for a total of $100. A certificate of title evidencing Franchas Holdings' purchase was then filed with the Florida Circuit Court on October 31, 2013. Young subsequently passed away on February 7, 2014, thus prompting Dameron to be named executor of his estate.

{¶ 5} On June 16, 2014, Franchas Holdings filed a certified copy of the Florida Circuit

Court's default judgment against Young with the Hamilton County, Ohio Clerk of Courts. Subsequently, on July 31, 2014, Franchas Holdings filed a notice with the Clermont County Probate Court asserting a claim against Young's estate for $442,272.13, the full amount of the money judgment previously issued by the Florida Circuit Court. Dameron, however, rejected Franchas Holdings' claim by finding "the claimant has security for the above Judgement against Russell F. Young II, and the ability to enforce payment, separate and apart from the assets of the Clermont County, Ohio estate." On September 19, 2014, Franchas Holdings filed a complaint with the trial court seeking to enforce its claim against Young's estate, to which Dameron responded by timely filing an answer generally denying Franchas Holdings' allegations.

{¶ 6} On March 15, 2015, Dameron filed a motion for summary judgment with the trial court asserting that "a Florida court would not enforce this judgment; therefore, an Ohio court can not (sic) either." In support of this claim, Dameron alleged Franchas Holdings was improperly attempting to collect on a "pre-foreclosure sale judgment rendered in Florida" and "not a deficiency judgment." According to Dameron, a "Florida court would not enforce the Judgment presented by [Franchas Holdings] in the case at bar, but would require that a deficiency judgment be rendered, and then enforce that deficiency judgment." In response, Franchas Holdings claimed its money judgment was fully enforceable as it was a "self-executing money judgment" that Young failed to defend against in the Florida Circuit Court prior to his death.

{¶ 7} On May 14, 2015, Franchas Holdings supplemented its response to Dameron's motion for summary judgment with documents from a similar lawsuit it had brought against Young's son, Jeffrey R. Young. In that case, just as in its case against Young, Franchas Holdings filed a complaint in foreclosure with the Florida Circuit Court seeking to recover upon unpaid assessments attributed to a single condominium unit located within the Yacht

Harbor Village owned by Jeffrey. When Jeffrey did not appear in the action, the Florida Circuit Court issued a default judgment against Jeffrey in the amount of $49,733.44. Thereafter, when Jeffry failed to pay off the judgment debt, Franchas Holdings foreclosed on the property and purchased Jeffrey's single condominium unit at a public sale. A certificate of title was then filed evidencing Franchas Holdings' purchase. Jeffrey later filed a motion for clarification, or in the alternative, relief from the default judgment levied against him, which the Florida Circuit Court denied "finding that the time bars in 1.540, Florida Rules of Civil Procedure, have run and further finding the Court is without jurisdiction to grant the requested relief."

{¶ 8} On August 10, 2015, the trial court issued its decision granting Dameron's motion for summary judgment finding "the judgment sought to be enforced in this State as it is now being sought would not be enforceable in Florida under the same circumstances." In so holding, the trial court determined that because Franchas Holdings had foreclosed on the property and subsequently purchased Young's eight condominium units at a public sale, Florida law required Franchas Holdings to obtain a deficiency judgment to determine the amount of set-off from the public sale before it could collect on the money judgment.

{¶ 9} The trial court also determined that Franchas Holdings' reliance on the Florida Circuit Court's decision in regards to the default judgment against Young's son, Jeffrey, was misplaced. As the trial court stated:

> [Jeffrey's] motion was for "Clarification of Amended Default Final Judgment or Alternatively for Relief from Amended Default Final Judgment." It did not question the enforceability of the * * * judgment against [him]. The motion was denied based on the Florida court's finding that it was time-barred and further that the court was without jurisdiction to grant the relief requested. The Order does not establish that the judgment is fully enforceable in Florida. This Court cannot find that the order in [Jeffrey's] case raises a genuine issue of any triable fact in this case.

{¶ 10} Franchas Holdings now appeals from the trial court's decision, raising two

- 4 -

assignments of error for review. For ease of discussion, Franchas Holdings' two assignments of error will be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED BY FAILING TO GIVE THE JUDGMENT THE SAME EFFECT AS IT WOULD HAVE HAD IN THE RENDERING STATE.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN ITS INTERPRETATION AND APPLICATION OF FLORIDA LAW.

{¶ 15} In its two assignments of error, Franchas Holdings argues the trial court erred by granting summary judgment to Dameron, the executor of Young's estate, arguing the trial court erred and misinterpreted Florida law by finding the Florida Circuit Court's default judgment was not yet enforceable, thereby preventing it from collecting the full amount on its money judgment from Young's estate. We disagree.

{¶ 16} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 17} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as

- 5 -

a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 18} Pursuant to the Full Faith and Credit Clause of Section 1, Article IV, United States Constitution, Ohio courts must recognize the validity of a foreign judgment rendered by a court of competent jurisdiction. *Wood v. Fliehman*, 193 Ohio App.3d 454, 2011-Ohio-2101, ¶ 9 (12th Dist.). In other words, "Ohio courts must give the judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of such state from which they are taken." *Bishopp v. Dryvit Sys., Inc.*, 12th Dist. Warren No. CA2006-05-063, 2007-Ohio-917, ¶ 13. Thus, as it relates to the facts of this case, Ohio courts must give the same credit to the Florida proceedings at issue here that those proceedings would carry in Florida's own courts. *See Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999), citing *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242 (1963).

{¶ 19} Pursuant to Fla. Stat. 718.116(6)(a), in order to recover the unpaid assessments attributed to Young's eight condominium units, Franchas Holdings was permitted to, and in fact did, bring an action to both (1) foreclose upon the assessment liens

"in the manner a mortgage of real property is foreclosed" and also (2) recover a money judgment. *See Garcia v. Stewart*, 906 So.2d 1117, 1122 (Fla. 4th DCA 2005). However, it is well-established that a creditor can recover only up to the amount owed by the debtor "whether that is accomplished through a sale of the mortgaged property, a judgment, or some combination of the two." *Kinney v. Countrywide Home Loans Servicing, L.P.*, 165 So.3d 691, 693 (Fla. 4th DCA 2015). Therefore, in reviewing Florida law regarding how a mortgage of real property is foreclosed, "when a lender has sued to foreclose a mortgage, its legal remedy on a promissory note is a deficiency judgment—a judgment 'for the balance of the indebtedness after applying the proceeds of a sale of the mortgaged property to such indebtedness.'" *Id.*, quoting *Commercial Bank of Ocala v. First Nat. Bank*, 80 Fla. 685, 87 So. 315, 316 (1920).

{¶ 20} In this case, however, the record firmly establishes that Franchas Holdings never moved the Florida Circuit Court for a deficiency judgment after it foreclosed on the property "in the manner a mortgage of real property is foreclosed" as provided by Fla. Stat. 718.116(6)(a). As noted by the Florida Second District Court of Appeals in *Century Group, Inc. v. Premier Financial Services East, L.P.*, 724 So.2d 661 (Fla. 2d DCA 1999):

> It is axiomatic that a party can only recover once on the same debt. Thus, if Premier had pursued execution of the money judgment and recovered the entire judgment amount, then it could not pursue execution of the foreclosure judgment. If Premier pursued foreclosure, and the sale amounts satisfied the judgment, then Premier could not pursue its judgment on the note. *Complications arise, however, if the proceeds resulting from the initial collection method, execution on the note or foreclosure, do not satisfy the entire debt. In that circumstance, a party is required to pursue another method of collection to obtain the entire amount of the judgment.*

(Emphasis added.) *Id.* at 662.

{¶ 21} Thus, to avoid the possibility of a double recovery, once Franchas Holdings foreclosed on Young's eight condominium units, our review of applicable Florida law indicates

Franchas Holdings was required to seek a deficiency judgment to determine the amount of indebtedness that was still due and owing, if any. *See Hammond v. Kingsley Asset Management, LLC*, 144 So.3d 673, 675-676 (Fla. 2d DCA 2014); *see also Flagship Bank v. Bryan*, 384 So.2d 1323, 1324, fn. 3 (Fla. 5th DCA 1980) ("indebtedness can be collected only once, and any payment on any of the judgments must be credited to the others"). Again, the record is clear that Franchas Holdings never moved the Florida Circuit Court for a deficiency judgment after it foreclosed on the property, thereby making a full recovery from Young's estate for the entire amount due on the money judgment it received from the Florida Circuit Court improper as this case currently stands.

{¶ 22} Nevertheless, Franchas Holdings argues it should be entitled to collect on the full amount of its money judgment from Young's estate since the Florida Circuit Court denied similar claims regarding Young's son, Jeffrey. However, after a thorough review of the record, we find the facts in that case distinguishable from the case at bar for not only did the Florida Circuit Court merely deny Jeffrey's motion on procedural grounds by "finding that the time bars in 1.540, Florida Rules of Civil Procedure, have run and further finding the Court is without jurisdiction to grant the requested relief," there is also no indication in the record that Franchas Holdings was attempting to collect the full amount of its money judgment rendered against him after it foreclosed on the property and purchased his single condominium unit at the public sale. Therefore, based on the facts and circumstances here, we find no merit to Franchas Holdings' argument as it relates to the Florida Circuit Court's holding in Jeffrey's case.

{¶ 23} In light of the foregoing, we find no error in the trial court's decision finding Franchas Holdings was not entitled to recover the full amount of its money judgment rendered against Young from Young's estate after it foreclosed on the property and purchased Young's eight condominium units at the public sale without first obtaining a

- 8 -

deficiency judgment. Therefore, we find no error in the trial court's decision granting summary judgment to Dameron, the executor of Young's estate. Accordingly, Franchas Holdings' two assignment of error are overruled.

{¶ 24} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.