# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0162
Lower Tribunal No. 18-28238
_____

**Enviropower Renewable Inc.,**
Appellant,

vs.

**William Ritger, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Slusher & Rosenblum, P.A., and Jonathan S. Glickman, Mahra Sarofsky, and Jeremy E. Slusher (West Palm Beach), for appellant.

Sundarsingh Law, P.L., and Mandell Sundarsingh (West Palm Beach), for appellees.

Before LOGUE, LINDSEY, and HENDON, JJ.

LINDSEY, J.

Appellant Enviropower Renewable Inc. appeals a deficiency judgment in favor of Appellee EPR 10, LLC.  The deficiency judgment was entered without consideration of the fair market value of two patents that served as collateral because the trial court concluded that Enviropower had waived an evidentiary hearing on that issue.  Because we find that Enviropower did not waive an evidentiary hearing for purposes of a deficiency judgment, we reverse.

## I. BACKGROUND

This case began as an action for fraud and conspiracy to commit fraud brought by shareholders and investors.  Most plaintiffs settled and formed EPR for the purpose of enforcing a Settlement Agreement.  Under the Settlement Agreement, Enviropower had until November 2019 to pay EPR $1 million plus interest.  If Enviropower did not pay, EPR would be entitled to an ex-parte judgment of $1.5 million.  To secure payment and performance, the parties executed a Security Agreement under which Enviropower granted EPR a lien on two patents (the "Collateral").

Enviropower defaulted, and EPR moved for a $1.5 million judgment and to foreclose on the Collateral.  The trial court ultimately entered a final judgment of foreclosure and ordered the sale of the Collateral.  EPR published the notice of the sale in the Daily Business Review, and the

Collateral was sold on Miami-Dade County's foreclosure auction website. EPR was the highest bidder and purchased the Collateral for $2,100. Before the certificate of title was issued, Enviropower objected, arguing the sale was not commercially reasonable as required by section 679.610, Florida Statutes (2021). After a hearing, the trial court overruled Enviropower's objection and ordered issuance of the certificate of title.

After purchasing the Collateral, EPR moved for a deficiency judgment in the amount of $1.5 million. Enviropower objected, arguing that the trial court could only enter a deficiency judgment after conducting an evidentiary hearing on the Collateral's fair market value. After a hearing, the court determined that Enviropower had expressly waived an evidentiary hearing under the following provision in the Security Agreement:

> 5.3 Waivers. Debtors, to the greatest extent not prohibited by applicable law, hereby (i) agree that they will not invoke, claim or assert the benefit of any rule of law or statute now or hereafter in effect (including, without limitation, any right to prior notice or judicial hearing in connection with Secured Party's possession, custody or disposition of any Collateral or any appraisal, valuation, stay, extension, moratorium or redemption law), or take or omit to take any other action, that would or could reasonably be expected to have the effect of delaying, impeding or preventing the exercise of any rights and remedies in respect of the Collateral, the absolute sale of any of the Collateral or the possession thereof by any purchaser at any sale thereof, and waive the benefit of all such laws and further agree that they will not hinder, delay or impede the execution of any power granted hereunder to Secured Party, but that they will permit the

3

execution of every such power as though no such laws were in effect . . . .

In calculating the amount of the deficiency, the court added interest, costs, and expenses to the principle and subtracted $2,100 for the Collateral for a grand total of $1,756,942.38. Enviropower filed a motion for rehearing, which the court denied. This appeal followed.

## II. ANALYSIS

An order granting a deficiency judgment is reviewed for abuse of discretion, <u>Vantium Cap., Inc. v. Hobson</u>, 137 So. 3d 497, 499 (Fla. 3d DCA 2014), but a trial court's contract interpretation is reviewed de novo. <u>Ferk Fam., LP v. Frank</u>, 240 So. 3d 826, 835 (Fla. 3d DCA 2018).[1]

Article 9 of the UCC, codified in Chapter 679 of the Florida Statutes, provides that "a secured party may sell . . . or otherwise dispose of any or all the collateral[.]" § 679.610(1). Once a secured party sells the collateral, "the obligor is liable for any deficiency." § 679.608(1)(d).

---

[1] Enviropower also challenges the commercial reasonableness of the sale. We do not address the merits because there are no transcripts of this hearing for our review. <u>See</u> <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979). But even where a sale is not commercially reasonable, a secured creditor is nevertheless entitled to a deficiency judgment in an amount of the total debt minus the fair market value of the collateral. <u>See, e.g.</u>, <u>Flagship Nat. Bank v. Gray Distrib. Sys., Inc.</u>, 485 So. 2d 1336, 1341 (Fla. 3d DCA 1986).

A foreclosure sale is not conclusive evidence of property's fair market value. See Morgan v. Kelly, 642 So. 2d 1117, 1117 (Fla. 3d DCA 1994). For this reason, a deficiency judgment generally requires an evidentiary hearing to determine a property's fair market value. See, e.g., Dabas v. Boston Invs. Grp., Inc., 231 So. 3d 542, 546 n.4 (Fla. 3d DCA 2017); Khan v. Simkins Indus., 687 So. 2d 16, 18 (Fla. 3d DCA 1996); Liberty Bus. Credit Corp. v. Schaffer/Dunadry, 589 So. 2d 451, 451-52 (Fla. 2d DCA 1991); Thunderbird, Ltd. v. Great Am. Ins., 566 So. 2d 1296, 1298-99 (Fla. 1st DCA 1990); Barnard v. First Nat. Bank of Okaloosa Cty., 482 So. 2d 534, 536 (Fla. 1st DCA 1986); Merrill v. Nuzum, 471 So. 2d 128, 129 (Fla. 3d DCA 1985).

EPR argues that Section 5.3 of the Security Agreement is an "express waiver" of any hearing on the Collateral's fair market value. We disagree. While Enviropower did waive a valuation with respect to the *sale* of the Collateral, no language in Section 5.3 "[c]learly and unmistakably communicate[s]" that Enviropower also waived a valuation for purposes of a deficiency judgment. See *Express*, Black's Law Dictionary (11th ed. 2019). To hold otherwise would potentially award EPR double recovery. See Hammond v. Kingsley Asset Mgmt., LLC, 144 So. 3d 673, 676 (Fla. 2d DCA 2014).

## III. CONCLUSION

Enviropower did not expressly waive an evidentiary hearing on the Collateral's fair market value for purposes of a deficiency judgment. Accordingly, we reverse and remand the deficiency judgment.

Reversed and remanded with instructions to hold an evidentiary hearing.