# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0413
_____

ROBERT WELLS,

    Appellant,

v.

MICHELLE WELLS,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Darlene F. Dickey, Judge.

July 31, 2024

TANENBAUM, J.

Robert Wells purports to seek direct appellate relief from a variety of orders regarding the dissolution of the marriage between him and his wife, Michelle. His notice of appeal lists these orders, claiming they are being "appealed" as "final judgments." Michelle moved to dismiss this appeal as untimely, and she in part is correct. Of the orders identified in Robert's notice, only two are timely: a qualified domestic relations order ("QDRO") and an order denying the former husband's motion for relief from a previously rendered recommended dissolution judgment. The initial brief, however, fails to demonstrate any "preliminary basis for" reversing or vacating either one. *See* Fla. R. App. P. 9.315(a) (authorizing summary affirmance in such circumstances). We affirm as to those two orders without reaching the underlying

merits, and we dismiss the rest as untimely. *See* Fla. R. App. P. 9.110(h). There appearing to have been some confusion in the trial court stemming from the 2022 amendments to the Florida Family Law Rule of Procedure 12.490, we write to address procedural aspects of the case that likely led to the untimeliness of most of Robert's appeal.

In 2015 Michelle petitioned to dissolve the couple's marriage. The chancery matter filed with the circuit court was tried and heard by a general magistrate under rule 12.490—upon the court's referral and the parties' consent. *See* Fla. Fam. L. R. P. 12.490(b)(1) ("No matter shall be heard by a general magistrate without an appropriate order of reference and the consent to the referral of all parties."); *see also id.* (b)(2) (requiring clear notification to the parties that they "are entitled to have this matter heard before a judge" and allowing for a written objection to the referral). The hearing and the resulting magistrate's report and recommended final judgment came after the effective date (April 1, 2022) of an amendment to rule 12.490. *See In re Amends. to Florida Family Law Rules of Procedure 12.490 & 12.491, & Forms 12.920(a)-(c)*, 346 So. 3d 1053, 1054–55 (Fla. 2022).

Under the prior version of the rule, the magistrate would have submitted a report that made factual findings and legal conclusions and included recommendations, and a party could file exceptions, which had to be heard by the circuit court before it acted on the magistrate's report and recommendations. *Id.* at 1054. The amendment set out a new process, one under which the magistrate files a "recommended order[,]" and the circuit court must "review" it *and promptly enter it* "unless the court [itself] finds that the recommended order is facially or legally deficient." *Id.* at 1055. So now, instead of filing exceptions *before* the circuit court renders an enforceable order based on the magistrate's report, a party affected by the rendered recommended order "may" seek "review" by moving to vacate the order within ten days *after* the circuit court's entry of the order, the new version of the rule anticipating that the circuit court would effectuate the magistrate's proposed order by issuing it as its own final order. Fla. Fam. L. R. P. 12.490(b)(2), (b)(4), (e)(3), (e)(5).

The rule uses the permissive "may" rather than the imperative "must," presumably to allow an avenue for preservation similar to that available by way of a motion for rehearing under Florida Family Law Rule 12.530, at the option of the pleader, depending on the issue the party intends on preserving. *Cf.* Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); *id.* (e) ("When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection to it in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.").[1] Like with a motion for rehearing, a motion to vacate is directed to an already enforceable order. *Cf.* Fla. Fam. L. R. P. 12.490(e)(6) (providing that a timely motion filed under this rule "stays the *enforcement* of the recommended order *rendered* by the court" until disposition of the motion) (emphasis supplied). Where the recommended order serves as a final disposition—like the one here—the recommended order becomes an appealable, final order upon ratification by the circuit court.

The magistrate filed her report and recommended order on August 16, 2022. Contrary to the new version of rule 12.490, the former husband filed his (mistitled) "exceptions" on August 26, 2022, rather than a motion to vacate—even though the circuit court had not yet entered the order as its own. The magistrate had proposed a recommended final judgment in conformity with the new rule, but the circuit court acted as if it were operating under the old version of the rule: The circuit court ordered the former husband to file the transcript of the hearing held before the magistrate within forty-five days of the date of that order under rule 12.490(f) and (g) (2021), something the former husband failed to timely submit into the correct court file. On October 25, 2022,

---

[1] Rule 12.530 is written to apply in cases where the circuit court itself has rendered a final disposition following a trial held directly before it, not before the magistrate, so that rule could not apply in a case like this one.

the circuit court then "denied" the "exceptions," "ratified and approved" the magistrate's "Report and Recommendation," and "adopt[ed] all findings and recommendations contained therein as this Court's Order." At all events, this October 25 order was appealable as a final order as of that day, but the former husband failed to file a timely tolling motion or a notice of appeal directed to that order. *Cf.* Fla. R. App. P. 9.020(h)(1).[2]

Instead, on November 4, 2022, the former husband filed an emergency motion to vacate "pursuant to Fla. R. Civ. P. 1.540" and the U.S. and Florida Constitutions.[3] The former husband sought relief, noting the transcript's inadvertent misfiling, arguing that the circuit court should not have rendered the recommended final order without considering the transcript of the proceeding before the magistrate. This procedural maneuver poses a problem for Robert because a motion for relief from judgment is not a tolling motion under Florida Rule of Appellate Procedure 9.020(h), thereby keeping the thirty-day period for appealing the adopted final order running from October 25, 2022. Oddly, though, that same day, the circuit court "temporarily vacate[d] the Order Denying Exceptions" rendered on October 25, but *not* the final judgment also rendered on October 25, and provided Robert an opportunity to set a hearing on his "exceptions."

Set a hearing Robert did. Following that hearing, on February 1, 2023, the circuit court rendered an order that "denied" the former husband's "exceptions" once again and "reinstated *nunc pro tunc* to October 25, 2022," the final judgment, directing that the judgment itself thereby would be treated as "unenforceable from November 4, 2022, through January 23, 2023." We do not read too

---

[2] Even if the former husband's "exceptions" were treated as a motion to vacate under the new rule, that type of motion was not added to the list of tolling motions until January 1, 2024. *See In re Amends. to Florida Rules of Appellate Procedure 9.020 & 9.400*, 382 So. 3d 597, 598 (Fla. 2023).

[3] Presumably, the former husband meant Florida Family Law Rule 12.540, which, like Florida Rule of Civil Procedure 1.540, allows for motions for relief from judgments and orders under a variety of circumstances, including "mistake."

much into this language, though, pointing simply to an intent to treat the November 4 order as *staying* the effect of the final judgment until the court could consider the motion for relief. *Cf.* Fla. Fam. L. R. P. 12.540(b) ("A motion under this subdivision does not affect the finality of the judgment or suspend its operation."). The February 1, 2023, order denying the "exceptions" itself was the denial of Robert's request for relief from the underlying judgment, by that time having become final and unappealable. That is, the October 25, 2022, final judgment was not resurrected as a new judgment dated February 1, 2023, no fresh, thirty-day period for filing a notice of appeal as to the October 25 judgment being re-captured. That same day—February 1, 2023—the circuit court also rendered the QDRO.

Robert filed a notice of appeal on February 17, 2023. As we already highlighted, the time for taking an appeal of the October 25, 2022, final order had already run in the absence of any tolling motion, so we agree with Michelle that to the extent Robert's appeal is from that order, it is untimely. The notice, however, mentions and attaches several other orders, including the February 1, 2023, order denying the November 4, 2022, motion for relief from judgment and the QDRO.

The February 1, 2023, order denying the motion for relief from judgment is a post-decretal final order, independently appealable under article V, section 4(b)(1) of the Florida Constitution and in accordance with the "method prescribed by" Florida Rule of Appellate Procedure 9.130. *See* Fla. R. App. P. 9.130(a)(5). We could generously treat the notice of appeal as applying to this final order, which we do, and as to that order, the appeal is timely. *See* Fla. R. App. P. 9.110(h) (allowing for multiple final orders to be reviewed under a single notice, provided "the notice is timely filed as to each such order"). Same with the QDRO, also a post-decretal final order, but appealable under Florida Rule of Appellate Procedure 9.110. Even so, the initial brief does not assert an argument at all as to why *either* February 1, 2023, post-decretal final order was erroneous to an extent entitling him to appellate relief. The merits of those two orders having not been addressed, we likewise can affirm without the need to reach their merits. *Cf.* Fla. R. App. P. 9.315(a) (allowing for summary affirmance, after service of the initial brief, "if the court finds that no preliminary

5

basis for reversal has been demonstrated"). To the extent Robert appeals the October 25, 2022, final judgment, we dismiss it as untimely. Any other orders attached to his notice are not final and not independently appealable, so we dismiss the appeal as to those for lack of jurisdiction.

AFFIRMED in part, DISMISSED in part.

B.L. THOMAS, J., concurs; BILBREY, J., concurs in part and dissents in part with opinion.

―――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――

BILBREY, J., concurring in part and dissenting in part.

I agree with the majority opinion that Robert Wells, the former husband, is not entitled to relief in his appeal. But rather than dismiss the part of the appeal concerning the October 25, 2022, final judgment, I would affirm it and the other orders on appeal. I therefore concur in part and respectfully dissent in part.

In October 2022, the trial court denied the exceptions to the general magistrate's report and entered a final judgment. Following an emergency motion to vacate by the former husband, the trial court entered an order temporarily vacating the order denying the exceptions. The trial court did not explicitly vacate the final judgment, but with the exceptions still unresolved, the final judgment was not operative. "An order is final and ripe for appeal when it completes the judicial labor of the lower tribunal." *Blue v. Covington Cty. Bank*, 77 So. 3d 909, 910 (Fla. 1st DCA 2012) (citing *Caufield v. Cantele*, 837 So. 2d 371, 375 (Fla. 2002)). Because the former husband's exceptions to the magistrate's report were not resolved, the "final" judgment had no effect.

6

Ultimately, in February 2023, the trial court denied the exceptions, and it ratified and reinstated the final judgment. The reinstatement of the final judgment shows that the trial court thought the judgment was not in effect after the order temporarily vacating the exceptions was entered. This appeal was then filed sixteen days later, well within the 30 days required by rule. *See* Fla. R. App. P. App. P. 9.110(b). As a result, we have jurisdiction to consider the appeal of the final judgment.

Turning to the merits, the former husband claims error in the final judgment because the thirteen-year durational alimony term exceeds the length of the marriage by two months. *See* § 61.08(7), Fla. Stat. (2022). Because the former husband failed to preserve this issue for appellate review by including it in his attempt to vacate the magistrate's report and recommendation, we need not address it. *See Fluhart v. Rasmussen*, 383 So. 3d 889, 890 (Fla. 5th DCA 2024) (en banc) (holding that a party's "failure to move to vacate the [general magistrate's] recommended final judgment adopted by the trial court" on a particular issue "resulted in a failure to preserve for appellate review" that party's "claimed error" on the issue); *see also Eaton v. Eaton*, 293 So. 3d 567 (Fla. 1st DCA 2020).

The former husband also challenges the sufficiency of the trial court's findings of the former wife's need for, and his ability to pay, the alimony awarded. *See* § 61.08(7), Fla. Stat. The magistrate's recommended order, ratified by the trial court, included specific findings of the former wife's need and the former husband's ability to pay. And there was sufficient evidence to support the award of $1000.00 per month in durational alimony as ratified by the trial court. We should therefore affirm the final judgment.

Finally, I agree with the majority opinion that we are correct to affirm the qualified domestic relations order and the order denying the motion for relief from judgment.

_____

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Hadley Sanders of Hadley Sanders, P.A., Pensacola, for Appellee.

7